GL Botanical, LLC v Crawford-Escala
2026 NY Slip Op 50924(U)
June 15, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Process—Affidavit of Service-Traverse Hearing

GL Botanical, LLC, Plaintiff-Respondent,
v
Micah Crawford-Escala, Defendant-Appellant.

Supreme Court, Appellate Term, First Department
Decided on June 15, 2026
570456/26
Present: Tisch, J.P., Perez, Alpert, JJ.

Defendant appeals from an order of the Civil Court of the City of New York, Bronx County (Verena C. Powell, J.), entered October 6, 2025, which, upon renewal and reargument, adhered to a prior order dated July 31, 2023, denying his motion to vacate a default judgment pursuant to CPLR 5015 (a) (4) and CPLR 5015 (a) (1).
[*1]
Per Curiam.
Order (Verena C. Powell, J.), entered October 6, 2025, reversed, without costs, defendant's motion to vacate the default judgment is granted to the extent of setting the matter down for a traverse hearing to determine whether defendant was properly served and for further proceedings in accordance herewith.
While plaintiff's affidavit of service constitutes prima facie evidence of proper service (see Wells Fargo Bank, N.A. v Njoku, 148 AD3d 438 [2017]), defendant's sworn nonconclusory denial of service was sufficient to dispute the veracity or content of the affidavit, requiring a traverse hearing (see NYCTL 1998-1 Trust & Bank of NY v Rabinowitz, 7 AD3d 459, 460 [2004]). Specifically, the parties' competing averments raise a factual issue concerning whether defendant no longer lived at the subject address at time of service (see Avis Rent A Car Sys., LLC v Scaramellino, 161 AD3d 572 [2018]).
With respect to the portion of defendant's motion seeking relief pursuant to CPLR 5015 (a) (1), the court's determination that defendant lacked a reasonable excuse for his default apparently turned on its rejection of defendant's sworn assertion that he was not served with the summons and complaint. However, those assertions raise issues of credibility to be explored at the hearing (see Marable v Williams, 278 AD2d 459, 460 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 15, 2026